**No.** 26-901

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

ROBERT EMERT,

*Plaintiff-Appellant,*

v.

DAVID SCHULMAN, et al.

*Defendants-Appellees.*

On Appeal from the United States District Court

for the Southern District of California

No. 3:25-cv-03646-JO-BJW

Hon. Jinsook Ohta, District Judge

### APPELLANT'S PREEMPTIVE MOTION TO RETAIN IN FORMA PAUPERIS STATUS AND FOR INDEPENDENT EVALUATION OF GOOD FAITH

Robert Emert, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
(760) 612-9328
robemert@msn.com

## INTRODUCTION

Appellant Robert Emert respectfully moves this Court to retain his *in forma pauperis* ("IFP") status on appeal and, should the question of good faith arise, to evaluate that question independently rather than referring it to the district court. This motion is filed simultaneously with the Opening Brief to ensure the merits are before this Court before any procedural challenge to IFP status can extinguish the appeal.

This motion is necessitated by documented experience. In Appellant's related case, *Emert v. Board of Supervisors*, No. 23-15759 (9th Cir.), this Court referred the IFP good-faith determination back to the same district court that had dismissed the case. The district court then revoked IFP status without substantive analysis of the appeal's merits. This Court subsequently dismissed the appeal. No court ever reached the merits. The identical structural problem exists here.

**The unanswerable question:** How can a district court neutrally assess whether an appeal arguing that the court applied the wrong legal test is "taken in good faith"—when that assessment requires the court to evaluate whether it applied the wrong legal test?

## I. IFP STATUS CARRIES OVER BY OPERATION OF LAW

The district court granted Appellant's motion to proceed *in forma pauperis* on February 3, 2026. Dkt. 7 (ER-E). No party challenged IFP status. No court has revoked it.

Under Federal Rule of Appellate Procedure 24(a)(3), "[a] party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization, unless . . . the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith."

No such certification has been made. IFP status therefore carries over by operation of law. This motion seeks to ensure it remains undisturbed—or, if challenged, that the good-faith evaluation occurs before a neutral tribunal.

## II. THE APPEAL RAISES SUBSTANTIAL QUESTIONS OF LAW

An appeal is "taken in good faith" under 28 U.S.C. § 1915(a)(3) if it "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This appeal raises pure questions of law:

**First**, whether the district court erred by applying the *Kirtley v. Rainey* "public function" test when Appellant's complaint expressly invoked the *Dennis v. Sparks*, 449 U.S. 24 (1980), conspiracy/joint action test. These are categorically different

tests under categorically different authority. The district court's order does not cite *Dennis*.

**Second**, whether the district court's finding that Appellant "does not plead" joint action with state actors constitutes clear error where the FAC names five state actors, explicitly invokes *Dennis* at ¶42, and presents independent law enforcement corroboration at ¶¶37–38.

**Third**, whether dismissal without engaging six controlling authorities—one Supreme Court decision (*Dennis*) and five Ninth Circuit decisions including two en banc (*Bretz v. Kelman*, 773 F.2d 1026 (9th Cir. 1985) (en banc); *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc))—constitutes reversible error.

These are not marginal claims. They present questions that go to the core of *Dennis* conspiracy doctrine and its application to family court proceedings involving evidence fabrication. The Opening Brief filed herewith demonstrates these issues in detail. An appeal presenting pure questions of law under binding Supreme Court and Ninth Circuit authority cannot be deemed frivolous under any standard.

## III. THE STRUCTURAL CONFLICT PROHIBITS REFERRAL BACK

If this Court considers referring the good-faith determination to the district court under FRAP 24(a), Appellant respectfully requests independent evaluation under FRAP 24(a)(5) instead. The structural conflict that defeated the BOS appeal will recur here unless this Court intervenes.

### A. The Documented Pattern.

In *Emert v. Board of Supervisors*, No. 23-15759 (9th Cir.), the following sequence occurred:

1. The district court dismissed Appellant's claims under *Manuel v. City of Joliet* and *Thompson v. Clark* without addressing the distinction between those authorities' holdings.

2. This Court referred the IFP good-faith determination back to the district court.

3. The same judge who dismissed the case revoked IFP status—without substantive analysis of the appeal's merits.

4. This Court then dismissed the appeal.

5. No court ever reached the merits of whether *Manuel* detention claims require favorable termination.

The identical structural problem exists here. This appeal argues the district court applied the wrong legal test (*Kirtley* instead of *Dennis*). Referring the good-faith question back to the same court requires that court to evaluate whether its own legal analysis was so clearly wrong that an appeal challenging it has merit. No judicial officer can neutrally perform that evaluation.

### B. Due Process Prohibits Self-Interested Adjudication.

*Tumey v. Ohio*, 273 U.S. 510, 523 (1927), established that due process requires a "neutral and detached" decisionmaker. A district court certifying bad faith on an appeal from its own dismissal has a structural interest in the outcome: the appeal argues the court committed legal error. Certifying good faith implicitly concedes the possibility of error; certifying bad faith validates the court's own ruling. This is the kind of institutional self-interest *Tumey* prohibits.

The problem is not one of subjective bias. It is structural. Even a judge acting with complete good faith cannot be a neutral arbiter of whether an appeal challenging the judge's own legal reasoning is frivolous. The Due Process Clause requires that someone else make that determination.

### C. FRAP 24(a)(5) Provides the Solution.

Federal Rule of Appellate Procedure 24(a)(5) provides that if a district court certifies that an appeal is not taken in good faith, "the party may move in the court of appeals to proceed *in forma pauperis*." The rule contemplates that this Court can independently evaluate the question. Appellant requests that this Court exercise that authority preemptively—or, at minimum, commit to independent evaluation if the district court revokes IFP status on referral.

## IV. RELIEF REQUESTED

Appellant respectfully requests that this Court:

1. Confirm that IFP status carries over to this appeal under FRAP 24(a)(3) and the district court's unchallenged order at Dkt. 7;

2. In the event any party or the Court raises the question of good faith, evaluate that question independently under FRAP 24(a)(5) rather than referring it to the district court;

3. Consider the simultaneously filed Opening Brief as the substantive basis for finding the appeal non-frivolous; and

4. In the alternative, if the Court does refer the question to the district court, order that any revocation be supported by a reasoned analysis identifying which specific legal arguments in the Opening Brief are frivolous, with an opportunity for Appellant to respond before IFP status is terminated.

Dated: 02/20/26

 Escondido, California
Respectfully submitted,

/s/ Robert Emert
ROBERT EMERT
Plaintiff-Appellant, Pro Se
2351 Vista Lago Terrace Escondido,
CA 92029
(760) 612-9328 – robemert@msn.com
**CERTIFICATE OF SERVICE**

I hereby certify that on _____, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.

As Defendants-Appellees have not yet appeared in this action, I will serve copies upon Defendants-Appellees by first-class mail to their last known addresses and their known email address's as parties to related proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on 02/20/26

, at Escondido, California.

/s/ Robert Emert

ROBERT EMERT, Plaintiff-Appellant, Pro Se