This email serves three audiences. Each is identified below. The attached Emergency Ex Parte Application is filed simultaneously in the District Court (No. 3:25-cv-03646-JO-BJW) and the Ninth Circuit (No. 26-901) under Ninth Circuit Rule 27-3, S.D. Cal. Civ. L.R. 7.1, Fed. R. Civ. P. 62.1 and 77(d), and Fed. R. App. P. 12.1 and 27.

**A PDF copy of this email is attached as a second exhibit and is intended to be lodged on the record of both the District Court and the Ninth Circuit alongside the Emergency Ex Parte Application, so that the audience-specific notice, the related-case reference, and the contemporaneous transmission to all listed recipients are themselves part of the record.**

**To the Southern District of California (Judge Ohta and Magistrate Judge White):**

Plaintiff was never served with the full text of the District Court's April 9, 2026 order (Dkt. 14). The only transmission of Dkt. 14 Plaintiff received from the District Court was a single page delivered by U.S. mail, with no page numbers, no "Page 1 of __," no continuation marker, and no signature line followed by additional text. The text on that page ended with a sentence reading approximately "...also does not show joint action with the private defendants." On its face, the page appeared to be a complete one-page order resembling another denial. Plaintiff did not receive any CM/ECF email transmission of Dkt. 14. The full text of Dkt. 14 is approximately three pages and contains a leave-to-amend grant, a "GRANTS IN PART AND DENIES IN PART" disposition, and an April 24, 2026 deadline — none of which appeared on the single page served on Plaintiff. Plaintiff first obtained the full text yesterday, Saturday, April 25, 2026, from the Unicourt commercial PACER aggregator. The original single-page paper-mail copy is preserved.

Plaintiff could not have known the District Court was apparently allowing a Second Amended Complaint — particularly given that Plaintiff does not need one and is not filing one — because the language granting that leave was not on the page served on him. The obvious downstream inference, and the one that matters here, is that an undisclosed grant of leave to amend can manufacture a § 1291 jurisdictional concern in a pending appeal where none would otherwise exist. That is precisely what the Ninth Circuit's April 20, 2026 Order then raised. This is filed as an emergency, transparently and in good faith, in the hope that the notice failure is the result of administrative error and can be corrected on the merits.

**To the Ninth Circuit:**

The Court's April 20, 2026 Order (DktEntry 10.1) raised a § 1291 jurisdictional concern based on the apparent grant of leave to amend in Dkt. 14, with a response date of April 24, 2026. The Court's April 20, 2026 Order was itself transmitted to Appellant by U.S. mail and

was not received until Saturday, April 25, 2026 — most likely delivered to Appellant's residence on the evening of April 24, 2026, the response deadline itself. The attached Application resolves the premise of the April 20 Order by confirming that Appellant declines amendment and stands on the First Amended Complaint as filed. The February 3, 2026 dismissal (Dkt. 8) accordingly remains the final, appealable judgment under § 1291. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc), is not implicated where the litigant declines leave to amend. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064–65 (9th Cir. 2004).

The Court is respectfully directed to *In re Emert*, No. 26-1808 (9th Cir.) (docketed Mar. 25, 2026), and the Circuit Rule 27-3 Certificate on file as Document 37-1 in *Emert v. San Diego Probation Dep't*, No. 3:25-cv-00820-TWR-BLM (S.D. Cal.). That filing documents a parallel pattern of notice failure in the same district court system, including the non-docketing of thirteen petitioner filings over sixty-one days while opposing-party submissions through the identical email address were docketed within twenty-four hours. The reference is provided so that the Court is aware that the procedural infrastructure for mandamus relief is already established in the related case. Plaintiff has chosen, deliberately and with restraint, not to invoke that infrastructure in the present matter. If the notice failure documented in the attached Application is not addressed through the ordinary procedures invoked here, an emergency petition for writ of mandamus in connection with the present matter will follow.

**To Defense Counsel, the United States Attorney, the FBI, and the California Attorney General:**

You are copied as a matter of proper and transparent procedure — opposition counsel for notice, oversight authorities for record awareness. No action is requested of any recipient by this email. The notice failure documented in the attached Application is now a fact on the record of two coordinated federal proceedings against the same pro se litigant. That fact is provided in the form of a sworn § 1746 declaration with the original transmission preserved. The recipients of this email are now witnesses to its existence.

---

**In plain terms, so the bottom line is clear:**

*To the District Court:* I do not need a Second Amended Complaint and am not filing one. The First Amended Complaint is the operative pleading. The version of Dkt. 14 served on me by U.S. mail was a single page with no page numbers, no continuation markers, and looked on its face like a complete one-page denial — when in fact the full text is approximately three pages and contains the leave-to-amend grant and the April 24, 2026

deadline. I could not have responded to a deadline that was not transmitted to me. Please proceed on the FAC as filed.

*To the Ninth Circuit:* It appears another Rule 27-3 emergency petition for writ of mandamus may be necessary in this related matter. I am grateful for the District Court's apparent willingness to allow a Second Amended Complaint, but the obvious inference — that an undisclosed grant of leave to amend manufactured the very § 1291 jurisdictional concern this Court raised on April 20, in an Order that itself reached Appellant by U.S. mail only on or after the April 24 response deadline — is one any reasonable person with a legal background would draw. In light of the parallel pattern documented in the related habeas case, what I have observed looks far more like docket engineering than ordinary administration. If I am wrong about that, I will say so on the record. All I am asking for is a fair day in court on the merits of the First Amended Complaint already filed.

Plaintiff/Appellant assumes good faith on the part of all involved and stands ready to be corrected if the single-page transmission received was complete service of the order and has been misread. The original single-page paper-mail copy of Dkt. 14 and the envelope and contents of the Ninth Circuit's April 20, 2026 Order will be reproduced verbatim if either court orders production.

Respectfully,

Robert A. Emert Plaintiff / Appellant, In Pro Per 2351 Vista Lago Terrace, Escondido, CA 92029 (760) 612-9328 | robemert@msn.com